IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )   CRIMINAL ACTION NO.
     v.                     )       2:21cr178-MHT
                            )           (WO)
MARQUIS CORDEION WHITE      )
```

OPINION AND ORDER

This case comes before the court on the recommendation of the United States Magistrate Judge that defendant Marquis Cordeion White's motion to compel production of a confidential-informant file be denied, and on White's objections to the recommendation.  After hearing oral argument on the matter and conducting an independent and de novo review of the record, the court concludes, for the reasons explained below, that the objections should be sustained in part and deferred in part, the recommendation deferred in part and rejected in part, and the motion to compel deferred in part and granted in part.

I.

White is charged with one count of possession with intent to distribute a controlled substance, namely 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1).  The government alleges that, on October 18, 2018, White sold the methamphetamine to Carlos Lynn, who was working as a confidential informant for the United States Drug Enforcement Administration (DEA).  Prior to the indictment of White, Lynn passed away.

White filed a motion to compel production of the confidential-informant file (hereafter, "CI file") on Lynn, pursuant to Federal Rule of Criminal Procedure 16(d), the Due Process Clause of the Fifth Amendment, and the Confrontation Clause of the Sixth Amendment. White argues that he is entitled to discovery of the file, including any arrest reports relating to Lynn's agreement to work as a confidential informant.  In the

alternative, he moves for the court to conduct an *in camera* inspection of the file.

After White filed his motion, the government represented that Lynn became a confidential informant on or about September 12, 2018, in lieu of being charged for his involvement in a two-ounce methamphetamine transaction.  The government provided White with copies of Lynn's three confidential-source agreements.  The government represents that the CI file does not contain any written agreements not to prosecute Lynn, that the file does not contain any evidence that Lynn was financially compensated by the DEA, and that the file does not contain arrest reports concerning Lynn.

Under Federal Rule of Criminal Procedure 16(a)(1)(E)(i), "Upon a defendant's request, the government must permit the defendant to inspect and to copy ... documents ... if the item is within the government's possession, custody, or control and ...

3

the item is material to preparing the defense." When moving for production on this basis, "the defendant must make a specific request for the item together with an explanation of how it will be 'helpful to the defense.'" *United States v. Jordan*, 316 F.3d 1215, 1250 (11th Cir. 2003). "[T]he defendant must 'show' 'more than that the item bears some abstract logical relationship to the issues in the case. There must be some indication that the pretrial disclosure of the item would enable the defendant significantly to alter the quantum of proof in his favor.'" *Id.* at 1251 (brackets and ellipses omitted) (quoting *United States v. Buckley*, 586 F.2d 498, 506 (5th Cir. 1978)*).

---

\* In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

4

II.

White contends that, due to Lynn's central role in the alleged controlled purchase, he has made a substantial showing that the CI file is material to the preparation of his defense.  White argues that the criminal conduct that precipitated Lynn's agreement to work as a confidential informant, namely his involvement in a two-ounce methamphetamine transaction roughly one month before the alleged purchase, bears significant similarity and close temporal proximity to the alleged exchange in the present case.  Although Lynn is unavailable as a witness, White argues that documentation of how and why Lynn became a confidential informant is material insofar as it sheds light on Lynn's potential motivation to manufacture evidence against White and Lynn's access to methamphetamine from sources other than White.

The court concludes that, in order to resolve whether contents of the CI file must be disclosed to

White, *in camera* review of the file of Lynn is appropriate to protect White's right to disclosure of documents that are material to preparing his defense. "Although there is, of course, no duty to provide defense counsel with unlimited discovery of everything known by the prosecutor, if the subject matter of such a request is material, or indeed if a substantial basis for claiming materiality exists, it is reasonable to require the prosecutor to respond either by furnishing the information or by submitting the problem to the trial judge." *United States v. Agurs*, 427 U.S. 97, 106 (1976).  As the former Fifth Circuit Court of Appeals noted, "Requiring materials sought for discovery to be submitted to the court for an [i]n camera inspection is a practice which is both reasonable and protective of the defendant's rights, and, we might add, one which has received a measure of approval by the Supreme Court." *Buckley*, 586 F.2d at 506.

III.

As to arrest reports reflecting the circumstances under which Lynn became a confidential informant, the court concludes that White has made the showing that the items are material to preparation of his defense. The only issue is whether the arrest reports are "within the government's possession, custody, or control." Fed. R. Crim. P. 16(a)(1)(E). As the Eleventh Circuit Court of Appeals has observed, "courts have found that the 'possession, custody, or control of the government' requirement includes materials in the hands of a governmental investigatory agency closely connected to the prosecutor." *Jordan*, 316 F.3d at 1249. The DEA is closely connected to the prosecutor, as are its agents. *See United States v. James*, 495 F.2d 434, 435–36 (5th Cir. 1974) (observing that the defendant was entitled to discovery of tapes in the possession of the Bureau of Narcotics and Dangerous Drugs and noting that courts cannot allow "a United

7

States Attorney to avoid discovery by pleading ignorance of discoverable material which is in the possession of another governmental agency; especially is this true when both are supposedly working together to apprehend and convict those engaged in the distribution of illegal drugs"). At oral argument, the government conceded that one of its witnesses, Officer Ethan Wiggins, was a sworn federal officer and a member of a DEA task force. The government further acknowledged that Officer Wiggins may possess arrest reports reflecting the circumstances under which Lynn became a confidential informant. The government does not appear to contest that documents within the possession of the DEA or Officer Wiggins are within the possession, custody, or control of the government. The government must ask the DEA and Officer Wiggins whether they possess or have in their custody or control any arrest reports reflecting the circumstances under which Lynn agreed to become a confidential informant. If the

8

DEA or Officer Wiggins does possess these items, the government must produce them to White.

\*\*\*

Accordingly, after an independent and de novo review of the record, it is ORDERED that:

(1) The objections (Doc. 57) are sustained in part and deferred in part, the recommendation of the magistrate judge (Doc. 55) is rejected in part and deferred in part, and defendant Marquis Cordeion White's motion to compel production (Doc. 47) is deferred in part to the extent that the court shall conduct an *in camera* review of the CI file of Carlos Lynn under the protocol set by the government. The prosecutor and a DEA agent may remain in the room during the *in camera* review of the file. The government is to work with the courtroom deputy to establish a protocol.

(2) The objections are sustained in part, the recommendation of the magistrate judge is rejected in

part, and defendant White's motion to compel production is granted in part to the extent that the court orders the government to contact DEA Task Force Officer Ethan Wiggins to determine whether he or the DEA has possession, custody, or control of any arrest reports or other files reflecting the circumstances under which Carlos Lynn became a confidential informant. If the DEA or Officer Wiggins possesses or has custody or control of any such arrest reports, the government must produce them to defendant White.

DONE, this the 15th day of October, 2021.

                                       /s/ Myron H. Thompson
                                  **UNITED STATES DISTRICT JUDGE**