IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **CRIMINAL ACTION NO.** |
| v. | ) | **2:21cr178-MHT** |
| | ) | (WO) |
| **MARQUIS CORDEION WHITE** | ) | |

ORDER

This case comes before the court on defendant Marquis Cordeion White's motion in limine to exclude evidence of methamphetamine and evidence of any audio recording made by Carlos Lynn on October 18, 2018. The motion in limine will be denied.

White is charged with one count of possession with intent to distribute a controlled substance, namely 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). The government alleges that, on October 18, 2018, White sold the methamphetamine to Lynn, who was working as a confidential informant for the United States Drug Enforcement Administration (DEA). Prior to the indictment of White, Lynn passed away.

I.

With respect to evidence of the methamphetamine that Lynn reportedly purchased from White and delivered to DEA officers, White argues that the government cannot establish a chain of custody connecting him to the methamphetamine because the only individual reported to have seen White with the drugs, Lynn, is unavailable to testify.

To authenticate an item of evidence, the government "must produce evidence sufficient to support a finding that the item is what the proponent claims it is," Fed. R. Evid. 901(a), in this case, that the methamphetamine at issue is connected with White. The government satisfies this burden when it "presents sufficient evidence from which a reasonable inference can be drawn that the [methamphetamine] introduced at trial is connected to the defendant." *United States v. Sarmiento-Perez*, 724 F.2d 898, 900 (11th Cir. 1984). "The connection of physical evidence with a

2

defendant ... may be shown by circumstantial evidence." *Id.* Beyond that threshold showing, "[p]roof of the connection of physical evidence with a defendant goes to the weight of the evidence rather than its admissibility." *Id.*

The law does not categorically require the government to provide direct evidence through Lynn's now-unavailable testimony that White was seen in physical possession of the methamphetamine. White cites to a decision of the former Fifth Circuit Court of Appeals, *United States v. White*, 569 F.2d 263 (5th Cir. 1978),* for the proposition that testimony of a law enforcement officer or informant is necessary to establish the chain of custody connecting physical evidence to the defendant. The decision in *White* does

---

   * In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

3

not stand for that proposition. To the contrary, in holding that an informant's testimony could "supply the missing link" in the chain of custody, the former Fifth Circuit recognized that the government could prove the connection of physical evidence to a defendant by other means, including "by circumstantial evidence." *Id.* at 266. In fact, the appellate court explained, "Allowing the informant's testimony to supply the missing link is no different than allowing connection of physical evidence with a defendant to be shown by circumstantial evidence*.*" *Id.* In this case, the government submits that it will be able to connect the methamphetamine to White by introducing circumstantial evidence that Lynn drove to a meeting with White while under observation by DEA officers, that he met with White, who was identified by the officers, and that, after the meeting, he returned to the officers with the methamphetamine.

4

Whether the government lives up to its word and whether the evidence that is actually submitted is sufficient for a reasonable factfinder to conclude that the drugs introduced at trial are connected to White are issues that the court cannot resolve until it hears the evidence at trial.  And, at that time, White is, of course, free to challenge the sufficiency of the actual evidence presented.  However, the court cannot conclude as a matter of law that the government, based on the argument in White's in limine motion, should be prohibited from even making that factual showing at trial.

II.

With respect to the audio recording represented to record the meeting between White and Lynn, White argues that the government cannot authenticate the recording due to Lynn's unavailability as a witness.

The decision whether to allow a recording to be played to the jury is committed to the sound discretion

5

of the district court. *See United States v. Reeves*, 742 F.3d 487, 501 (11th Cir. 2014). That said, "the party introducing a tape into evidence has the burden of going forward with sufficient evidence to show that the recording is an accurate reproduction of the conversation recorded." *United States v. Capers*, 708 F.3d 1286, 1305 (11th Cir. 2013) (quoting *United States v. Sarro*, 742 F.2d 1286, 1292 (11th Cir. 1984)). "In order to authenticate a taped recording, the government, in a criminal case, must show: (1) the competency of the operator; (2) the fidelity of the recording equipment; (3) the absence of material deletions, additions, or alterations in the relevant part of the tape; and (4) the identification of the relevant speakers." *Sarro*, 742 F.2d at 1292 (citing *United States v. Biggins*, 551 F.2d 64, 66 (5th Cir. 1977)). In adopting these requirements, the former Fifth Circuit observed that "[s]trict compliance with the government's particularized burden is the preferred

6

method of proceeding." *Biggins*, 551 F.2d at 67. However, the appellate court also cautioned against "formalistic adherence" to this standard and noted that "independent evidence of the accuracy of the tape recordings" may justify a trial court's use of discretion to admit the recordings. *Id.*

Without the benefit of the evidence and testimony that will come in at trial, the court is unable to conclude that the government cannot establish sufficient foundation for admission of the audio recording. White argues that only Lynn could identify the relevant speakers in the recording. However, "[a] speaker's voice may be identified by opinion testimony 'based upon hearing the voice at any time under circumstances connecting it with the alleged speaker.'" *United States v. Singleton*, 455 F. App'x 914, 917 (11th Cir. 2012) (per curiam) (quoting Fed. R. Evid. 901(b)(5)); *see also Brown v. City of Hialeah*, 30 F.3d 1433, 1437 (11th Cir. 1994) ("Once a witness

7

establishes familiarity with an identified voice, it is up to the jury to determine the weight to place on the witness's voice identification."). The court will deny White's motion in limine as to the audio recording. Again, White is free to object to admission of the recording at trial if he believes that the government lays an insufficient foundation for admission.

***

Accordingly, it is ORDERED that defendant Marquis Cordeion White's motion in limine to exclude evidence of methamphetamine and audio recording (Doc. 78) is denied, albeit with the understanding that defendant White may still object at trial to the sufficiency of the evidence regarding the chain of custody of the methamphetamine and the authentication of the audio recording.

DONE, this the 21st day of October, 2021.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE