IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )    CRIMINAL ACTION NO.
     v.                     )        2:21cr178-MHT
                            )            (WO)
MARQUIS CORDEION WHITE      )
```

ORDER

This case comes before the court on defendant Marquis Cordeion White's motion in limine to exclude an audio recording of conversations between a confidential informant and an individual that the government alleges is White and between the confidential informant and United States Drug Enforcement Administration (DEA) officers. For the reasons discussed below, the motion will be granted in part and denied in part.

White is charged with one count of possession with intent to distribute a controlled substance, namely 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). The government alleges that, on October 18, 2018, White sold the methamphetamine to Carlos Lynn, who was working as a confidential

informant for the DEA.  Prior to the indictment of White, Lynn passed away.

The government intends to offer in evidence parts of an audio recording that it represents capture the drug sale between White and Lynn.  Prior to oral argument on the in limine motion on October 8, 2021, the government filed a transcript of the recording and indicated which portions of the recording it intended to introduce as evidence.  *See* Notice of Audio Recordings per Court Order (Doc. 72); Transcript (Doc. 72-1).  After oral argument, the government, in a response to White's supplemental briefing, "further limited the portions [of the recording] it intends to play in its case-in-chief."  Resp. to Def.'s Supplemental Briefing (Doc. 80) at 1.  The court will grant in part White's motion in limine to the extent that portions of the audio recording capturing statements that the government says it does not intend to introduce in its case in chief, *see* Highlighted

Transcript (Doc. 80-1) (transcript of recording with statements the government intends to introduce highlighted), will be excluded.

With respect to the remainder of the recording, White argues that Lynn's statements are inadmissible hearsay and that their admission against White without an opportunity to cross-examine Lynn would violate the Confrontation Clause of the Sixth Amendment. White does not challenge the admission of statements attributed to him, although he does not concede that he is the speaker. In response, the government submits that it will be able to prove that White is the other speaker captured in the recording.[1] The government

---

1. At oral argument, the government represented that it will be able to establish that White is the other speaker based on two witnesses' observations of White immediately prior to a physical meeting between White and Lynn captured on the audio recording and one witness's identification of White's voice on the recording. Based on the government's representation, the court assumes for purposes of deciding this motion

argues that Lynn's statements in these conversations with White will be offered not to prove the truth of the matters asserted but rather to contextualize White's statements, and that Lynn's statements therefore are not hearsay and do not implicate the Confrontation Clause.

"The Confrontation Clause prohibits the use of testimonial hearsay without giving the defendant an opportunity to cross-examine the witness." *United States v. McGregor*, 857 F. Supp. 2d 1224, 1226 (M.D. Ala. 2012) (Thompson, J.).[2] However, the Confrontation

---

in limine that the government will be able to lay a sufficient foundation that White was the other speaker.

2. "Statements made in the course of an out-of-court conversation are 'testimonial' if 'in light of all the circumstances, viewed objectively, the primary purpose of the conversation was to create an out-of-court substitute for trial testimony.'" *United States v. Hano*, 922 F.3d 1272, 1287 (11th Cir. 2019) (brackets and internal quotation marks omitted) (quoting *Ohio v. Clark*, 576 U.S. 237, 245 (2015)). Because the court concludes, for the reasons discussed below, that Lynn's contested statements that the

4

Clause "does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted." *Crawford v. Washington*, 541 U.S. 36, 59 n.9 (2004). "This limitation mirrors Federal Rule of Evidence 801(c), which defines hearsay as out-of-court statements offered 'in evidence to prove the truth of the matter asserted in the statement.'" *McGregor*, 857 F. Supp. 2d at 1226 (quoting Fed. R. Evid. 801(c)).

White does not challenge admission of his own statements. As offered against him by the government, his statements are statements by a party opponent and therefore are not hearsay, even if offered for the truth of the matter asserted. *See* Fed. R. Evid. 801(d)(2); *United States v. Brown*, 441 F.3d 1330, 1358 (11th Cir. 2006). And admission of his own statements

---

government intends to use are not offered for the truth of the matter asserted, the court need not decide whether these statements are testimonial.

5

against him does not violate the Confrontation Clause. *See Brown*, 441 F.3d at 1358-59.

In the context of conversations between confidential informants and criminal defendants, the Eleventh Circuit Court of Appeals has held that "the Confrontation Clause is not violated by a non-testifying informant's recorded statements when offered only to place the defendant's statements in context." *United States v. Augustin*, 661 F.3d 1105, 1128 (11th Cir. 2011). The appellate court explained that a confidential informant's recorded statements, when offered for the "single purpose" of making a defendant's statements "understandable to the jury," are not offered for the truth of the matter asserted and therefore do not constitute hearsay and do not implicate the Confrontation Clause. *United States v. Price*, 792 F.2d 994, 997 (11th Cir. 1986); *see also United States v. Hendricks*, 395 F.3d 173, 184 (3d Cir. 2005) (holding that "if a Defendant ... makes

6

statements as part of a reciprocal and integrated conversation with a government informant who later becomes unavailable for trial, the Confrontation Clause does not bar the introduction of the informant's portions of the conversation as are reasonably required to place the defendant['s] ... nontestimonial statements into context").

Before addressing the particular statements by Lynn that the government intends to introduce, the court notes that, in four of the statements, Lynn uses the name "Marquis," apparently to address the person to whom he is speaking.  Lynn's use of the name "Marquis" is an oral assertion that the person whom he was addressing was named "Marquis."  Moreover, the fact that Lynn was working as a DEA confidential informant, that he was actively involved in an investigation of White, and that, at the time of the recording, he knew he was being recorded by the DEA gives reason to believe that Lynn intended such an assertion.  *See* Fed.

7

R. Evid. 801(a) (defining a "statement" to be "a person's oral assertion ... if the person intended it as an assertion"). White, therefore, argues that Lynn's use of the name "Marquis" does not contextualize any statements by the speaker that the government represents to be White and is only relevant to prove the truth of the matter asserted--that the other speaker was, in fact, "Marquis." *Cf. United States v. Silva*, 380 F.3d 1018, 1019 (7th Cir. 2004) (noting that testimony that non-testifying drug supplier referred to defendant's first name multiple times in conversations regarding future drug transaction and that non-testifying informant stated that an individual by that name would make the delivery was offered for the truth of the matter asserted). However, the court need not decide whether to exclude the portions of the audio recording capturing Lynn's uses of the name "Marquis." The government later agreed, at an October 18 hearing

8

after oral argument, that it would not seek to introduce Lynn's statements of the name "Marquis."

Apart from Lynn's references to "Marquis," the court concludes that Lynn's other statements that the government intends to introduce are admissible to contextualize the statements of White.

At roughly 12:37 through 13:14 of the first part of the audio recording (Doc. 56-2),[3] reflected in lines 24 through 45 of the transcript (Doc. 80-1), Lynn's utterances are predominantly questions repeating information provided by White regarding his location and his instruction for Lynn to "[b]ring a scale." White raises no specific arguments against admission of Lynn's utterances in this exchange, most of which are nonassertive. The court concludes that Lynn's statements are admissible "to give context to [White's] responses, which otherwise would have been no more than

---

3. White attached the audio recording to his motion in limine in two parts.

a disjointed and incoherent monologue." *United States v. Rivera*, 780 F.3d 1084, 1092–93 (11th Cir. 2015).

At roughly 23:19 through 23:31 and 23:47 through 24:24 of the first part of the audio recording (Doc. 56-2), reflected in lines 70 through 74 and 76 through 91 of the transcript,[4] White objects to multiple statements by Lynn. Because the full context of this conversation is relevant, the government's transcript is reproduced below[5]:

> "CS: I wish you would have told me you had four of them things, you know what I'm saying, before I put my [expletive] order in Marquis, [expletive]!
>
> "MW: I had two more
>
> (Voices Overlap)
>
> "MW: Ice cubes

---

4. The government submits that it does not intend to offer Lynn's statement reflected on line 75 in its case in chief. *See* Resp. to Def.'s Supplemental Briefing (Doc. 80) at 2.

5. "MW" refers to White, and "CS" refers to Carlos Lynn, the confidential source.

10

...

"**MW: Just drop that, want that right?**

"**CS: I don't want 4, I want the 2.**

"**MW: Oh you want 2?**

"**CS: Yeah, I just want 2.  What that is?  Don't drop them crumbs in here.**

"**MW: That make about 3**

"**CS: You got a leak, a hole in the bag Marquis!**

"**MW: Where about?**

"**CS: That little bitty [expletive] hole man, I don't need no residue in this [expletive] here boy!**

"**MW: [expletive]! (Laughs)**

"**CS: That's 70, point 5... just go on and put that...**

**(Voices Overlap)**

"**CS: 57 with them [Unintelligible]**

"**MW: 57**

"**CS: I'm watching them**

"**MW: [Expletive] scary (Unintelligible)**

"**CS: Huh?**"

11

Highlighted Transcript (Doc. 80-1) at 4-5.

White argues that there are no statements attributable to him to which Lynn's statements could provide context and that Lynn's statements as to the nature and quantity of what is being discussed could be offered for no reason other than to prove the truth of the matters asserted. This argument understates White's role in the conversation. Without the context of Lynn's statements, White's repeated references to quantities--"I had two more"; "Oh you want 2?"; "That make about 3"; and "57"--are indecipherable. Where White's statements are responsive to Lynn's statements and Lynn's statements are necessary to "make [White's statements] understandable," *Price*, 792 F.2d at 997, neither the Confrontation Clause nor the hearsay rule justifies withholding that necessary context from the jury.

At roughly 1:27 through 1:45 of the second part of the audio recording (Doc. 56-3), reflected in lines 110

through 119 of the transcript, White objects to admission of Lynn's statement, "3, 4, 5, that's 7 dollars," which he asserts is offered for the truth of the matter asserted, specifically, as evidence that Lynn had counted out $ 700 to be provided to White. However, White does not address his own statement, "Yep" or "Yeah," immediately following Lynn's statement.  Lynn's preceding statement provides necessary context as to what White was affirming.

Contrary to White's arguments, the audio recording at issue does not reflect that Lynn used testimonial statements to "put words into [White's] mouth." *United States v. Gaytan*, 649 F.3d 573, 580 (7th Cir. 2011) (quoting *United States v. Nettles*, 476 F.3d 508, 518 (7th Cir. 2007)).  Rather, the statements by Lynn that the government intends to introduce provide appropriate context for White's statements.  Of course, the fact that statements are admissible for one purpose does not in itself obviate the risk that they may be used for an

13

inadmissible purpose, to prove the truth of the matters asserted. As government counsel noted at oral argument, White may request an appropriate limiting instruction to address any concern that the jury will improperly rely upon Lynn's statements for the truth of the matters asserted. *See Rivera*, 780 F.3d at 1093.

***

Accordingly, it is ORDERED that:

(1) Defendant Marquis Cordeion White's motion in limine to exclude audio recording (Doc. 56) is granted to the extent that the court shall exclude the portions of the recording that the government submitted that it will not introduce in its case in chief.

(2) Defendant White's motion in limine to exclude audio recording is denied with respect to the remainder of the audio recording.

DONE, this the 21st day of October, 2021.

    /s/ Myron H. Thompson
   **UNITED STATES DISTRICT JUDGE**

14